## BLAKE *vs.* BREDALL.
### CREDITORS OF SCHOONER CAMANCHE, INTERVENORS.

#### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A creditor for supplies furnished a ship or vessel, has a privilege on the vessel, for those furnished *before her departure*, if she has already made a voyage; but this voyage must be considered as made to another port, and a return to the *port of departure*, before it is completed: otherwise, the privilege could never be claimed or enforced.

This is an action to recover the sum of two hundred and forty-nine dollars, which the plaintiff alleges the defendant, Bredall, owes him, and for which he gave his draft on J. A. Merle & Co., and that it was protested for non-acceptance. He prays judgment for the amount of said draft, and that an attachment issue against the property of the said Bredall. The sheriff returned, that he received the attachment the first of November, 1838, and attached the schooner Caman-

che. The attorney appointed to defend, pleaded that the draft was not duly presented for acceptance.

There were five claims for seamen's wages, on protested orders, for forty-four dollars each, and filed by way of intervention against the schooner, and a further claim of seventy-three dollars put in by the plaintiff.

On the 3d of January, 1839, there was judgment for the plaintiff for two hundred and forty-nine dollars, with interest; and also for all the intervenors against the defendant, to be paid by privilege on the schooner attached. Execution issued, and the schooner Camanche was sold on the 23d February, for two thousand two hundred dollars; leaving a balance, after deducting four hundred and seven dollars, sixty-two cents for costs, of one thousand seven hundred and ninety-two dollars, thirty-eight cents.

On the 8th of March, 1839, Victor Wiltz filed his third opposition, and intervened; alleging that the defendant, Bredall, was indebted to him in the sum of nine hundred and seventy-eight dollars twenty-three cents, for which he has a lien or privilege on the proceeds of the schooner Camanche; it being for supplies and ship-chandlery furnished said schooner; and that a suit had already been commenced for said claim. The account annexed, shows that the articles comprising this claim, were sold and delivered to the owner of the schooner, between the 5th January and 1st October, 1838. On the same day, Charles Wolfe intervened, claiming five hundred dollars, by privilege on the vessel, for wages and disbursements made as master of said schooner.

On the 14th March, 1839, Zacharie & Brothers also intervened, and claimed five hundred and seventeen dollars, seventy-two cents, by preference and privilege, to be paid out of the proceeds of said schooner, and that they had already instituted suit therefor, by attachment.

At this stage of the proceedings, the counsel for the plaintiff on behalf of the latter, and the claimants for seamen's wages, filed a plea of prescription to the demand of Victor Wiltz, so far as it regards their claim. Zacharie & Brothers put in the same plea, and prayed that their own claim be preferred.

There was judgment allowing the privileged claims of the plaintiffs and intervenors, for wages, &c. amounting to one thousand and twenty dollars, with the first privilege. Second privilege, the claims for supplies; C. Wolfe, forty-eight dollars fifty cents; and V. Wiltz, eighty-one dollars fifteen cents: in all, one hundred and twenty-nine dollars sixty-five cents. These and the above claims, deducted from one thousand, five hundred and ninety-seven dollars, thirty-four cents, the net proceeds of the schooner, after allowing costs and attorney's fee, left a balance of only four hundred and forty-seven dollars, sixty-nine cents, which was ordered to be paid to Zacharie & Brothers, as privileged by priority of their attachment.

The district judge decided that Wolfe had the privilege of wages for four hundred and twenty dollars; for advances, forty-eight dollars fifty cents; and for the balance, he had only the priority of attachment: that Wiltz had a privilege for supplies furnished subsequent to the 5th February, 1838, at which time the Camanche cleared for Matamoros. After *that period she made two voyages;* one from New-Orleans to Matamoros, and one from Matamoros to New-Orleans. The supplies furnished subsequent to the 5th February, amount to eighty-one dollars twenty-five cents; for the balance of the claim, Wiltz is privileged by his attachment alone.

Wiltz appealed.

*M'Millen,* for the appellant, showed:

1. Wiltz proves that his claim was for materials and supplies furnished previous to the departure of the schooner Camanche, on her *last voyage,* and after her return; therefore has a privilege for the whole amount of his claim. And the judge erred in deciding that the schooner had made *two voyages,* and, consequently, the privilege lost. The judge says: "The vessel made two voyages; one from New-Orleans to Matamoros, and the other from Matamoros to New-Orleans." There was not two voyages, in any sense of the word voyage.

2. The claims, as classed by the judge from one to eight

Eastern Dist.
June, 1840.

BLAKE
vs.
BREDALL.

inclusive, are not privileged upon the proceeds of the schooner Camanche, and none were prayed or asked for by claimants. They are admitted to be for services rendered on board the schooner Lodi.

3. Zacharie & Brothers, have no privilege on the Camanche, and none should have been allowed them, especially over the claim of Wiltz.

4. The plea of prescription relied upon by plaintiff and Zacharie & Brothers, is a plea personal to Bredall, and cannot be offered by third persons; besides, the claim of Wiltz is liquidated by judgment, and no prescription can be opposed to it.

5. The documents introduced by plaintiff, as well as the testimony of Wolfe and others, show that Bredall was absent, and could not be sued by Wiltz; therefore, no prescription attaches; as the code expressly gives him a lien until he suffers the vessel to make a voyage at the risk of the new purchaser, &c.

*Preston*, for the plaintiffs and appellees.

*Grivot*, for Zacharie & Brothers.

*Bartlette*, for the defendant.

*Martin, J.*, delivered the opinion of the court.

In this case, Wiltz is appellant from a judgment on his opposition to the distribution of the proceeds of the schooner Camanche, seized and sold in the present suit. He claims to be paid the sum of nine hundred and seventy-eight dollars and twenty-three cents, for supplies furnished this vessel, at the special instance and request of the captain and owner, for the payment of which he alleges he has a lien or privilege on the proceeds of the schooner now in the hands of the sheriff.

The District Court allowed a privilege for the sum of eighty-one dollars and twenty-five cents, for supplies furnished subsequently to the 5th of February, 1838, the date at which the schooner cleared at New-Orleans, for Matamo-

ros. In the opinion of the district judge, by going to that port and returning to New-Orleans, the vessel made two voyages, and the appellant thereby lost his privilege for the supplies furnished previous to her sailing; and for this balance the court allowed a privilege or priority by the attachment, only, against the defendant as owner of the schooner.

The counsel for the appellant has contended, that the district judge erred in disallowing his claim to be paid by privilege for the whole of the supplies furnished by him before and after the 5th February, 1838, as above stated. In this, he is clearly supported by the decision of this court, in the case of *Abat* vs. *Nartigue et al.*, 8 *Louisiana Reports*, 188.

The district judge, in our opinion, erred, in deciding that the sailing of the schooner from the port of New-Orleans to Matamoros, and back again, constituted two voyages. The *Louisiana Code*, article 3204, *number* 8, gives a privilege on the vessel, " to creditors for supplies furnished previously to the departure of the ship, if she has already made a voyage." If this voyage be the outward one only, the privilege expired on reaching Matamoros, or on her departure therefrom; in other words, *after she sailed for Matamoros*, as it could not be enforced at sea.

*A creditor for supplies furnished a ship or vessel, has a privilege on the vessel, for those furnished* before *her departure, if she has already made a voyage; but this voyage must be considered as made to another port, and a return to the* port *of departure, before it is completed; otherwise the privilege could never be claimed or enforced.*

The proceeds of the sale of the schooner in the sheriff's hands amount to two thousand two hundred dollars, and the law charges allowed by the judgment are six hundred and two dollars and sixty-six cents, which deducted, leave the sum of one thousand five hundred and ninety-seven dollars and thirty-four cents, to be divided among the claimants. On this the appellant has a privileged claim for the sum of nine hundred and seventy-eight dollars and twenty-three cents, and C. Wolfe is entitled to be paid also by privilege, the sum of four hundred and sixty-eight dollars and fifty cents, for his wages and disbursements as master of said schooner. These two sums amount to one thousand four hundred and forty-six dollars and seventy-three cents, and when taken from one thousand five hundred and ninety-seven dollars and thirty-four cents, the net proceeds of the

schooner, after deducting law charges, leaves a balance of only one hundred and fifty dollars and sixty-one cents, to be applied to the payment of the claims of the attaching creditors.

The District Court, in our opinion, erred in giving a preference to the claims of the plaintiff and intervenors, numbered in its judgment from one to eight, as being for seamen's wages, when they have nothing to support them in this preference but their attachments; and also in disallowing the appellant's privilege for his whole claim. The judgment must therefore be reversed: and this court, proceeding to give such judgment as ought to have been rendered in the District Court; it is ordered, adjudged and decreed, that the balance in the sheriff's hands, after paying the law charges as settled by the District Court, to wit: the sum of fifteen hundred and ninety-seven dollars and thirty-two cents, be distributed among the claimants, in the following manner: the sum of nine hundred and seventy-eight dollars and twenty-three cents to be paid to the appellant, Victor Wiltz; and the sum of four hundred and sixty-eight dollars and fifty cents, to be in like manner paid to C. Wolfe; and the remainder amounting to one hundred and fifty dollars and sixty-one cents, after deducting therefrom the accruing costs in both courts since the rendition of the judgment appealed from, to be paid to the plaintiff, Charles Blake, he being the first attaching creditor.